# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| HUSSAIN JIYAD AL-JABARI, | ) |
| Petitioner, | ) |
| v. | ) 4:18-cv-00408-LSC-TMP |
| U.S. ATTORNEY GENERAL OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OF OPINION AND ORDER

### I.  Introduction

This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 wherein the petitioner, an Iraqi national, is arguing that his continued detention pending removal to Iraq violates substantive and procedural due process requirements pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner is currently detained at the Etowah County Detention Center in Gadsden, Alabama,[1]

---

[1]  When Petitioner filed this action, he was detained at the Etowah County Detention Center. He was transferred to the Jena/LaSalle Detention Center in Jena, Louisiana, sometime after May 2018. However, a recent order entered by the magistrate judge assigned to this case (doc. 15) that was mailed to Petitioner in Louisiana has been returned by the Postal Service with the notations "Return to Sender," "Refused" and "Unable to Forward." (Doc. 16). The Court has now learned Petitioner has apparently been transferred back to the Etowah County Detention Center. *See* https://locator.ice.gov. **Accordingly, the Clerk is DIRECTED to revise the docket sheet to reflect Petitioner's new address: Etowah County Detention Center, 827 Forrest Avenue, Gadsden, Alabama, 35901. The Clerk is further DIRECTED to mail a copy of the docket sheet, this Order, and doc. 15 to Petitioner at that address.**

1

subject to a final order of removal. For the following reasons, this action is subject to dismissal without prejudice unless Petitioner shows cause, as more fully stated below.

## II. General Legal Standard

The Attorney General must remove an alien from the United States within 90 days after an order of removal becomes administratively final, but should removal not be accomplished within the 90-day removal period, detention is permitted to continue, provided, however, that it is limited to a presumptively reasonable time period, declared by *Zadvydas* and its progeny to be six months. *See* 533 U.S. at 690-92, 701; 8 U.S.C. § 1231(a)(1), (6). If removal is not reasonably foreseeable at the expiration of that time period, continued detention is not authorized under 8 U.S.C. § 1231(a)(6). *Zadvydas*, 533 U.S. at 699.

## III. Background

Petitioner has been convicted of numerous crimes since first entering the United States in 1995, including retail fraud, maintaining a drug house, and forgery. (Declaration of Bryan S. Pitman, Supervisory Detention and Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement, New Orleans Field Office, assigned to the Etowah County Detention

Center, doc. 7-2.) On January 31, 2012, an Immigration Judge ordered Petitioner removed from the United States to Iraq. (*Id.*) From December 28, 2012 until June 20, 2017, Petitioner was not in ICE custody due to stalled removal efforts with the Iraqi government. (*Id.*) Petitioner returned to ICE custody on June 20, 2017, following his most recent criminal conviction. (*Id.*)

On June 15, 2017, a habeas action was filed in the U.S. District Court for the Eastern District of Michigan on behalf of a putative class of Iraqi nationals challenging their detention pending deportation as contrary to *Zadvydas*. *See Hamama v. Adducci*, Case No. 17-cv-11910 (E.D. Mich.). Petitioner's imminent removal was halted when, on June 27, 2017, the *Hamama* court expanded its temporary restraining order staying the removal of Iraqi nationals within the jurisdiction of the ICE Detroit Field Office to all Iraqi nationals nationwide. *See Hamama*, 261 F. Supp. 3d 820, 841 (E.D. Mich. 2017) (staying the removal of "all Iraqi nationals in the United States who had final orders of removal on June 24, 2017, and who have been, or will be, detained for removal by ICE").

On October 12, 2017, Petitioner was served with a notice of membership in the *Hamama* class, which included a Know Your Rights informational sheet and a voluntary removal packet that contained procedures to opt out of the putative class in *Hamama*. (Doc. 7-2.)

On November 22, 2017, Petitioner filed a habeas petition in this Court, challenging his immigration detention during the pendency of the stay issued by the *Hamama* court under *Zadvydas*, and asserted a right to a bond hearing. *See* doc. 1 in Case No. 4:17-cv-01972-KOB-TMP. On January 2, 2018, the *Hamama* court certified three "subclasses" to address the immigration detention claims. Respondent asserts Petitioner is a member of a subclass challenging his continued detention under *Zadvydas* and also a member of the subclass challenging his prolonged detention without a bond hearing. For the *Zadvydas* claim, the *Hamama* court decided that further discovery was warranted. For the prolonged detention claim, the *Hamama* court entered a second preliminary injunction requiring bond hearings for certain Iraqi nationals who were subject to the court's stay of removal and who have been detained for a period exceeding six months. *Hamama,* 285 F. Supp. 3d 997, 1008-09 (E.D. Mich. 2018). The subclasses excluded individuals (like Petitioner) who at the time had "open" individual habeas petitions. *Id.* However, the *Hamama* court ordered that the government serve detained Iraqis subject to the court's stay of removal with a notice informing them that they may join the detention subclasses (and become eligible for a bond hearing) if they withdraw their habeas petitions within three weeks from the receipt of the notice. On January 24, 2018, Petitioner voluntarily withdrew his previous habeas petition.

On February 28, 2018, Judge Karon O. Bowdre dismissed Petitioner's petition without prejudice. In accordance with the directive from the *Hamama* court, Petitioner was afforded a bond hearing on February 6, 2018, and the Immigration Judge denied bond. (Doc. 7-2.)

On March 15, 2018, Petitioner refiled the very same habeas petition with this Court. (Doc. 1). Like his initial petition, and the *Hamama* class habeas petition, Petitioner challenges his detention as contrary to *Zadvydas* and seeks release. (*Id.*). In the instant case, Respondent argues that Petitioner should not be allowed to seek duplicative habeas relief in this Court while he remains part of a certified class of individuals pursuing identical relief in a class habeas in *Hamama*, arguing that it would be an abuse of the writ to allow this case to proceed while the constitutionality of Petitioner's detention is already being considered by that court. (*See* doc. 7).

In response, Petitioner states that he is no longer part of the *Hamama* subclass and submitted a signed "Detainee Stipulation to Prompt Removal to Iraq," dated May 15, 2018, wherein he stipulates that he wishes to be removed to Iraq and that the preliminary injunction in *Hamama* will no longer prevent that removal. (Doc. 9.)

The magistrate judge recommended dismissal of this action without prejudice because Petitioner has not demonstrated that he (or class counsel on his behalf) has submitted the aforementioned "Detainee Stipulation to Prompt Removal to Iraq" with a request to be removed from the subclass to the U.S. District Court for the Eastern District of Michigan, or that the Michigan court has issued a stipulated order removing Petitioner from the subclass and, thus, from the stay of removal. (Doc. 10.)

Although the petitioner did not file objections to the magistrate judge's report, this Court did not adopt it, stating that it was of the opinion that Petitioner's pleading entitled "Detainee Stipulation to Prompt Removal to Iraq" (doc. 9 at 7) is sufficient to be considered Petitioner's statement of his intent to withdraw from the subclass in *Hamama*. (Doc. 13.) The Court ordered Respondent to show cause as to why that should not be the case and why this case should not proceed on Petitioner's claims.

**IV. Discussion**

As a class member in *Hamana*, Petitioner remains subject to a stay of removal to Iraq. In response to the show cause order, Respondent has explained that the *Hamama* court has required, since September 2017, that class counsel consent to removal of the individual from the class. In order for a petitioner to be

removed from the class based on his desire to return to Iraq, the *Hamama* court requires a showing that Petitioner's desire to return to Iraq is "knowing and voluntary." *See* "Order Regarding Further Proceedings," Doc. 110 at 2, *Hamama*, 17-cv-11910 (E.D. Mich.). The "Order Regarding Further Proceedings" outlines the following process to opt out of the class:

> The Government shall distribute Petitioners' "Detainee Request for Prompt Removal to Iraq" form to all detainees. *See* Ex. 1.A to Joint Status Report (Dkt. 107-2). This distribution shall take place on or before October 2, 2017; it shall be distributed to any person detained after September 25, 2017 ("new detainee") within seven days of his or her detention. This form instructs those putative class members with attorneys to contact counsel for both Petitioners and the Government, and provides a process for those without counsel to speak with an independent, pro bono attorney prior to removal. The form makes clear that detainees are under no obligation to meet with an attorney. If a putative class member does elect to meet with an attorney, the attorney will explain the putative class member's available options, confirm that the decision to return is not the product of coercion, and ensure that the decision was made knowingly and voluntarily. If, after this meeting, the putative class member still wishes to return to Iraq, he shall sign a second form, a "Detainee Stipulation to Prompt Removal to Iraq." *See* Ex. 1.B. to Joint Status Report (Dkt. 107-2). Further, the attorney who has met with the detainee shall submit a declaration affirming that the putative class member's decision to return to Iraq was made knowingly and voluntarily. These forms will then serve as the basis for the parties to file a stipulation and proposed order stating that the putative class member is no longer covered by the Court's preliminary injunction.

*Id.*

Although Petitioner signed one of the required forms, there is no indication that he has completed the process in accordance with the *Hamama* court's "Order Regarding Further Proceedings." *See id.* Specifically, he has not submitted the required form to *Hamama* class counsel so that the parties can file a stipulation and proposed order stating that he is no longer covered by the *Hamama* court's preliminary injunction.[2] Despite receiving the opt-out forms in October 2017, *see* doc. 7-2, it does not appear that Petitioner submitted them, instead choosing to file an individual habeas petition in this Court in November 2017, *see* Case No. 4:17-cv-1972-KOB-TMP, but subsequently withdrawing it in order to become a member of the *Hamama* subclass challenging his continued detention without a bond hearing. When Petitioner's bond was denied, Petitioner re-filed the same habeas petition in this Court.

## IV. Conclusion

Considering the foregoing, **Petitioner is ordered to file a pleading with this Court within thirty (30) days from the date of entry of this Order** certifying that he has, at the least, initiated the process of removing himself from the *Hamama* class pursuant to the requirements of the *Hamama* court's Order Regarding Further Proceedings (explained above at page 7).

---

[2] Indeed, a review of the *Hamama* docket activity reveals that such stipulated orders have been entered for numerous other individual class members since October 2017, the most recent being in August 2018. *See generally Hamama*, No. 17-cv-11910 (E.D. Mich.).

Specifically, and for Petitioner's convenience, the Court has attached to this order as "Exhibit 1" the **"Detainee Request for Prompt Removal to Iraq"** form that Petitioner should sign and mail to the following address:

> **LEGAL MAIL FOR ICE**
> **Enforcement and Removal Operations**
> **333 Mt. Elliot, Detroit, MI 48207**
> **ATTN: Hamama v. Adducci Litigation**

If Petitioner does not comply with this directive within the time frame as set out, this action will be dismissed without prejudice.

**DONE** AND **ORDERED** ON NOVEMBER 7, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

# EXHIBIT 1



DETAINEE REQUEST FOR
PROMPT REMOVAL TO IRAQ [ITEM A]

September {}, 2017

You are an Iraqi national who had a final order of removal from the United States as of June 24, 2017, and you are currently detained pending removal to Iraq.

You are currently covered by a court order in a federal lawsuit, *Hamama v. Adducci*, No. 17-cv-11910 (E.D. Mich.), that temporarily prevents the government from removing you to Iraq. Further details regarding your rights under the court order are available in the attached information sheet from the American Civil Liberties Union (ACLU), which is counsel in the litigation.

This form is for you to use if you wish to request prompt removal to Iraq—that is, if you want to request that the existing court order preventing removal to Iraq not apply to you. Note: This form does *not* waive any rights. It will be sent to both ICE and the ACLU.

**If you wish to remain in the United States, do NOT fill out this form.** Only fill out this form if you want to be removed to Iraq.

**If and only if you want to be removed to Iraq:**

**If you have an immigration attorney**, you **must** contact your attorney to discuss the matter, and request that he or she inform ICE by calling the ICE Detroit Office of Chief Counsel and asking to speak with the duty attorney and by emailing the ACLU at hamama@aclumich.org. **Do not fill out this form if you have an immigration attorney.**

**If you do *not* have an immigration attorney**, fill out the form below, and use the envelope provided to return it to ERO (at no cost). Please make sure your name and A-number are clearly readable. The ACLU and other lawyers in the *Hamama* litigation will then try to find an attorney who can meet with you and advise you (without cost to you) on this important decision. (You are not required to meet with the attorney.)

Tear Here-----------------------------------------------------------------------------------------------------------

### REQUEST FOR PROMPT REMOVAL TO IRAQ

DO NOT FILL OUT THIS FORM IF YOU HAVE A LAWYER; INSTEAD, YOUR LAWYER SHOULD CONTACT ICE AND THE ATTORNEYS IN THE *HAMAMA* CASE.

☐    I do not have a lawyer, and I currently wish to be removed promptly to Iraq.

_____          _____
Print Detainee Name                                              A Number

_____          _____
Detainee Signature                                                Date

Mail to:         LEGAL MAIL FOR ICE
                 Enforcement and Removal Operations
                 333 Mt. Elliot, Detroit, MI 48207
                 ATTN: Hamama v. Adducci Litigation

**DO NOT WRITE BELOW THIS LINE - FOR ERO USE ONLY**

_____          _____
Print Name and Title of ERO Officer Accepting Request         Date